[Sac. No. 294.  Department One.—April 19, 1898.]

M. M. MARTIN et al., Appellants, v. J. C. WAGNER et al.,
Respondents.

STREET ASSESSMENT—TRIANGULAR SHAPED LOT.—Under the street improve-
ment act of 1885, as amended in 1891 (Stats. 1891, p. 196), a block
of land, in the form of a right-angled triangle, bounded by main
streets, and which touches another street on which an improvement
has been made only at the point of its acute angle, is properly as-
sessed, under section 7, subdivision 3 of that act, for its part of the
work done on the crossing formed by the intersection of the improved
street with the intersecting street forming the base of the triangle,
and, under section 7, subdivision 4 of that act, is also properly assessed
for its portion of the work done on the improved street opposite
the termination of a street forming the hypotenuse of the triangle.

APPEAL from a judgment of the Superior Court of San Joa-
quin County.  Joseph H. Budd, Judge.

The facts are stated in the opinion.

James A. Louttit, for Appellants.

Elliott & Elliott, for Respondents.

BELCHER, C.—This is an action on a street assessment for
work done and materials furnished in paving and improving El
Dorado street, in the city of Stockton.  The complaint sets out
very fully all the facts necessary to constitute a cause of action,
and the only denials in the answer are:  1. That the total cost of
the street improvement was assessed and apportioned upon all the
lots and lands assessable and liable therefor;  2. That defendants,
or either of them, own any property fronting on said work or
improvement;  and 3. That the land described in the complaint
has any frontage upon said improvement.

The court below found in favor of defendants upon all the
issues raised and gave judgment accordingly, from which, within
sixty days after its rendition, the plaintiffs appealed.

The defendant, J. C. Wagner, was the owner of the east half of
block 94, east of Center street, as known and designated on the
official map of said city, and the following diagram of the block
with its surrounding streets will serve to illustrate the situation:

It was admitted that the said block has a frontage on Oak street, between El Dorado and Center streets, of three hundred feet, city measure.

There was an assessment upon the one hundred and fifty feet of the said block, fronting on Oak street and owned by defendant, to pay a proportionate share of the expense of the improvement on the crossing of El Dorado and Oak streets; and there was another assessment, called "Opposite Termination" assessment, upon one hundred and sixty-seven and one-half feet of defendant's said land fronting on Fremont street, the two assessments aggregating the sum sued for.

It will be observed that said block 94 is in the form of a right-angled triangle, and that it touches El Dorado street only at the point of an acute angle. Under these circumstances, the question, and the only one mooted, is, Was his land subject to assessment for any improvements made on the said street?

The street improvement act of 1885, as amended in 1891, (Stats. 1891, p. 196), contains the following provisions:

Section 7, subdivision 3: "The expense of the work done on main street crossings shall be assessed at a uniform rate per front foot of the quarter blocks and irregular blocks adjoining and cornering upon the crossings, and separately upon the whole of each lot or portion of a lot having any frontage in the said blocks

fronting on said main streets, half way to the next main street crossing, and all the way on said blocks to a boundary line of the city where no such crossing intervenes, but only according to its frontage in said quarter blocks and irregular blocks."

Section 7, subdivision 4: "Where a main street terminates in another main street, the expenses of the work done on one-half of the width of the street opposite the termination shall be assessed upon the lots in each of the two quarter blocks adjoining and cornering on the same, according to the frontage of such lots on said main streets, and the expense of the other half of the width of said street upon the lot or lots fronting on the latter half of the street at such termination."

Section 34, subdivision 7: "The word 'street,' as used in this act, shall be deemed to, and is hereby declared to, include . . . . crossings or intersections, . . . . and the term 'main street' means such actually opened street or streets as bound a block; the word 'blocks,' whether regular or irregular, shall mean such blocks as are bounded by main streets, or partially by a boundary line of the city."

Section 34, subdivision 12: "The term 'quarter block' as used in this act as to irregular blocks, shall be deemed to include all lots or portions of lots having any frontage on either intersecting street half way from such intersection to the next main street, or, when no main street intervenes, all the way to a boundary line of the city."

Under these provisions of the statute, we think it clear that defendant's land was properly assessed for a part of the expenses of the work done on the crossing. It was the east half of an irregular block adjoining and cornering upon the crossing and having a frontage on Oak street halfway to the next main street crossing. To say that, as a point has no length or breadth, there is no frontage of the property on the work does not meet the case. The property cornered on the work and had an admitted frontage of one hundred and fifty feet on the intersecting street; and this was all the statute required.

We also think defendant's land was properly assessed for a portion of the expenses of the work done opposite the termination of Fremont street. It appears that that street passes diagonally through what would constitute block 94 if a portion of it had not

been cut off by the lake. It is a main street and terminates at El Dorado street. In such cases, "the expenses of the work done on one-half of the width of the street opposite the termination shall be assessed upon the lots in each of the two quarter blocks adjoining and cornering on the same, according to the frontage of such lots on said main streets." Suppose Fremont street had terminated on El Dorado street ten or twenty feet farther south. In that case, there could be no question that defendant's quarter block would be subject to the termination assessment, according to its frontage on each of the main streets. Here, as the land only cornered on El Dorado street, there could be and was no assessment for frontage on that street, but the assessment for the frontage on Fremont street was clearly authorized.

No objection is made that either of the assessments was for too large a sum, or to the validity of the assessments, if the said quarter block was in any way subject to assessment for the work done.

The judgment should be reversed and the cause remanded.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

Harrison, J., Garoutte, J., Van Fleet, J.